UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MOYO et al.,<br><br>                              Plaintiffs,<br>v.<br>UNITED STATES et al.,<br><br>                             Defendants. | Case No.: 22cv905-L-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[ECF No. 8]** |

      Pending before the Court in this personal injury action is the Government's motion to dismiss for lack of subject matter jurisdiction. Plaintiffs filed an opposition and the Government replied. For the reasons stated below, the motion is granted with leave to amend.

      Plaintiffs filed a personal injury action arising from a car accident on Interstate 805 in San Diego, California. Plaintiffs filed the action in State court alleging negligence and loss of consortium against Defendants Cesar Loredo and Marc Pierre. (ECF No. 1-2.) After two years of litigation, the United States substituted itself for Defendant Loredo pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), based on certification that Loredo "was acting within the scope of his employment as an employee of the United States Marine Corps with regard to the events described in the Complaint." (ECF No. 3-1.) On the same day, the Government removed the action to

this Court pursuant to 28 U.S.C. § 2679(d)(2).  (ECF No. 1.)  Following substitution and remand, the Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

The FTCA "waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees."  *D.L. by and through Junio v. Vassilev,* 858 F.3d 1242, 1244 (9th Cir. 2017) ("*Junio*").[1]  Before a plaintiff can file an FTCA action in federal court, he or she must exhaust the administrative remedies for the claim.  28 U.S.C. § 2675(a).  The FTCA's exhaustion requirement is jurisdictional and may not be waived.  *Junio,* 858 F.3d at 1244.

For removed actions such as this, "[f]ederal jurisdiction under the FTCA is determined at the time of removal."  *See Junio,* 858 F.3d at 1246.  Plaintiffs admit that as of the time of removal they did not know that Laredo was a government employee and therefore had not exhausted administrative remedies under the FTCA.  (ECF No. 9-1, Goldstein Decl.)  Relying on *McNeil v. United States,* 508 U.S. 106 (1993), and its progeny, the Government argues for dismissal.

This line of authority was distinguished in *Junio*:

> We do not agree that *McNeil* controls here.  Unlike the plaintiff in *McNeil*, D.L. first filed his malpractice suit in state court; at the time, he was not aware that one of the defendants was an employee of the United States. Accordingly, D.L. did not institute an action "upon a claim against the United States" before exhausting his administrative remedies when he first filed suit.  *See* 28 U.S.C. § 2675(a).

*Junio,* 858 F.3d at 1246.  "FTCA's exhaustion requirement does not extend to state court suits against non-government defendants[,] and the issue of federal court jurisdiction under section 2675(a) does not arise until after removal[.]"  *Id.* at 1246-47.

---

[1]   Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted.

> There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted. *McNeil* ought not be read as preventing a plaintiff who wishes to state a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts and amending it after exhaustion to state an additional claim under the FTCA. Such a reading would require undue acrobatics of such a plaintiff, given the different statutes of limitations at play.

*Junio,* 858 F.3d at 1247-48.

In their opposition Plaintiffs indicated that upon learning of Loredo's certification they submitted an administrative claim to the appropriate government agency to comply with FTCA's exhaustion requirement. (ECF 9-1, Goldstein Decl.) This alone does not meet the requirement, however. "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *Junio,* 858 F.3d at 1244. Plaintiffs have not shown that they have exhausted their administrative remedies.

Accordingly, the Government's motion is granted but solely with regard to claims originally alleged against Loredo and currently asserted against the Government. These claims are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiffs are granted leave to amend pursuant to 28 U.S.C. § 1653. An amended complaint, if any shall be filed no later than **March 14, 2023**. Failure to timely file an amended complaint will result in the claims alleged against Defendant Pierre being remanded to state court.

**IT IS SO ORDERED.**

Dated: March 6, 2023

_____
Hon. M. James Lorenz
United States District Judge